IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW STEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. _____ |
| K. INARA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, MATTHEW STEIN, by and through the undersigned counsel, and files this, his Complaint against Defendant K. INARA, INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District

of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff MATTHEW STEIN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Decatur, Georgia (Dekalb County).

4. Plaintiff is a paraplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant K. INARA, INC. (hereinafter "Defendant") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Piyarali Noorani, 2595 Lawrenceville Highway, Decatur, Georgia, 30033.

## FACTUAL ALLEGATIONS

9. On or about August 9, 2021, Plaintiff was a customer at "Fiesta Package Store," a business located at 1445 Scott Boulevard, Decatur, Georgia

30030.

10. Defendant is the owner of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately four (4) miles from the Facility and Property, and regularly travels within close proximity to the Facility and Property.

12. Plaintiff's access to the business located 1445 Scott Boulevard, Decatur, Georgia 30030, (DeKalb County Property Appraiser's parcel number 18 050 14 026), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

14. Plaintiff intends to revisit the Facility and Property to purchase goods

and/or services.

15. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. The Facility is a public accommodation and service establishment.

20. The Property is a public accommodation and service establishment.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. The Facility must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27.     Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.     Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

   a. The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

   b. There are no disabled accessible parking spaces on the Property that comply with section 502 of the 2010 ADAAG standards, in violation of section 208 of the 2010 ADAAG standards. In the alternative, the accessible parking space(s) on the Property are missing signage, inadequately marked and do not have adjacent access aisles, in violation of sections 208.2, 502.1, 502.3 and 502.6 of the 2010 ADAAG standards.

   c. The accessible ramp on the Property is situated before a standard parking space, and thus ramp is obstructed when vehicles are parked in such standard space, resulting in the ramp's width being below the minimum 36" (thirty-six inches),

       in violation of sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

d.    The side flares of the above-described ramp have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards, or in the alternative, lack finished edges (or edge protection), in violation of section 405.9 of the 2010 ADAAG standards.

e.    Due to an apparent policy of storing inventory and other items within the accessible routes within the Facility, those routes lack 36" (thirty-six inches) of clear width, in violation of section 403.5.1 of the 2010 ADAAG standards.

f.    Upon exiting, the Facility doorway does not provide for permissible minimum maneuvering clearance due to the presence of stored inventory, in violation of section 404.2.4 of the 2010 ADAAG standards.

g.    The interior of the Facility has a sales and services counter lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

31. The Property has not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities in violation of section 28 C.F.R. § 36.211.

32. Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities on the Property are readily accessible to and usable by disabled individuals.

33. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to find and utilize a disabled accessible parking space on the Property, more difficult and dangerous for Plaintiff to utilize the ramp servicing the property, more difficult for Plaintiff to enter and exit the Facility, and more difficult for Plaintiff to conduct his business on the accessible routes while inside the Facility.

34. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

35. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

36. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

39. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

40. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous

conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

42. Plaintiff's requested relief serves the public interest.

43. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

44. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

45. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees,

litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: September 14, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich